UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TAFT MANZOTTI, and all others similarly situated, :
:
        Plaintiffs :
:
v. : C.A. NO.: 2013-
:
THE CITY OF PROVIDENCE; ANGEL TAVERAS, in his :
capacity as the Mayor of the City of Providence; :
MICHAEL PEARIS, in his capacity as the Treasurer :
of the City of Providence :
:
        Defendants :

CA 13- 795

## COMPLAINT

### PRELIMINARY STATEMENT

1. Taft Manzotti ("Manzotti") and all others similarly situated, hereinafter collectively known as "Plaintiffs" bring this collective action on behalf of Manzotti himself and approximately 475 other similarly situated individuals, most of whom are active and/or retired members of the Providence Fraternal Order of Police, Lodge #3 ("FOP"), who are employed by the Defendant City of Providence as, or who are retired from employment with the Defendant City as, police officers in varying ranks within the Providence Police Department, to require Defendants to pay back wages owed to Plaintiff Manzotti and such similarly situated individuals because the Defendants failed to pay said employees time and one half of the proper Regular Rate of pay for all Overtime worked by said employees, in violation of the *Fair Labor Standards Act of 1938*, as amended, 29 USCS §201, et seq. ("the FLSA"), and specifically 29 USCS §207.

More specifically, the Defendants have failed to include Longevity Pay in calculating the proper Regular Rate of Overtime Pay for such employees, and have possibly failed to include other required items of remuneration and compensation in said Overtime Pay. Plaintiffs bring this action and seek declaratory relief and damages including back pay, interest, liquidated damages, attorneys fees, and costs on behalf of themselves and all others similarly situated pursuant to 29 USCS §216.

## PARTIES

2. Plaintiffs are Taft Manzotti, a current employee of the Defendant City as a Providence Police Officer who also serves as the duly elected President of the FOP, and approximately 475 similarly situated individuals who are and/or were, at all relevant times, employees of Defendant, City of Providence.

3. Each Plaintiff has consented to become a member of this action pursuant to 29 U.S.C. §216(b).

4. Defendant, City of Providence ("City"), is a municipal corporation and a political subdivision of the State of Rhode Island, and is sued by and through its chief executive, Mayor Angel Taveras and by and through its Treasurer, Michael Pearis. Defendant City of Providence is an employer within the meaning of 29 USCS §203 (d).

5. Defendant, Mayor Angel Taveras, is sued in his capacity as the elected Mayor of the City of Providence, State of Rhode Island.

6. Defendant, Michael Pearis, is sued in his capacity as the Treasurer of the City of Providence.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 USCS §1331 and §1337, as this action is being brought under the FLSA, 29 USCS §201 et seq. Venue is proper pursuant to 29 USCS §1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. The Plaintiffs seek a declaratory judgment under the provisions of 28 USCS §2201 and §2202.

## STATEMENT OF FACTS

8. Plaintiffs incorporate paragraphs one (1) through seven (7) as if such paragraphs were set forth fully at length herein.

9. Pursuant to the Collective Bargaining Agreement by and between the FOP and the City, certain police officers/members of the FOP work a thirty-seven and one half (37½) hour regular workweek, while other members of the FOP work a forty (40) hour regular workweek, which work weeks are dependent upon positions and assignments. All such individuals, including the Plaintiff Manzotti and including some individuals who have retired from service, are or were employed by the Defendant City as police officers in various ranks.

10. Those employees who work a thirty-seven and one half (37½) hour regular workweek are paid Overtime for all hours worked in excess of said thirty-seven and one half (37 ½) hour regular workweek, and those employees who work a forty (40) hour regular workweek are paid Overtime for all hours worked in excess of said forty (40) hour regular workweek.

11.     Hours worked by such employees which must be applied towards their applicable thirty-seven and one half (37½) hour or forty (40) hour regular workweek and/or towards overtime pay, include but are not limited to hours worked for regular tours of duty and shifts, overtime work, call-back work, special duty for the City Police Department, training for the Police Department, K-9 officers' care of police dogs, and special details which are paid for by the City.

12.     Thus, the Collective Bargaining Agreement provides that any hours worked by Plaintiff Manzotti and similarly situated employees above and beyond their normal workweeks for regular tours of duty and shifts, overtime work, call-back work, special duty for the City Police Department, training for the Police Department, K-9 officers' care of police dogs, and special details paid for by the City, must be paid for by the City at the Overtime rate of pay of time and one half (1½) the members' regular hourly rate of pay.

13.     The Overtime rate of pay should include all forms of compensation paid to the employees, including but not limited to longevity pay, shift differential pay, salary increments, and educational incentive pay.

14.     The Collective Bargaining Agreement provides in Article XIII, Section 3 for Longevity Pay for the members of the FOP, stating in pertinent part that: "The Longevity payment shall be computed on the basis of the member's base pay and shall be payable weekly".

15.     The Collective Bargaining Agreement provides in Article XXI, Section 1 that Longevity Pay is also included in base pay for purposes of pension payments (i.e. retirement-eligible pay) for the members of the FOP.

16. The *Fair Labor Standards Act* (the "FLSA"), in 29 USCS §207(a), states that employees must be compensated for overtime work at no less than the rate of time and one half of their "regular rate" of pay, which term is specifically defined in 29 USCS §207(e) and is explained and further defined in regulations put forth by the Department of Labor in the *Code of Federal Regulations* and federal caselaw.

17. 29 CFR §778.107, entitled "General standard for overtime pay", and 29 CFR §778.108, entitled "the 'regular rate'", which are regulations put forth by the Department of Labor intended to further clarify the use of the term "regular rate", state respectively as follows, in pertinent part: "The general overtime pay standard in section 7(a) requires that overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed...", and "The 'regular rate' of pay under the Act cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract..."

18. Thus, the applicable provisions of the FLSA and the Department of Labor Regulations set forth in the *Code of Federal Regulations* mandate that the calculation of overtime pay for the members of the FOP include items of compensation such as longevity pay, shift differential pay, salary increments, and educational incentive pay.

19. Notwithstanding the above, the City has failed to include longevity pay and other required items of compensation in calculating the proper overtime regular rate of pay, and thus has failed to pay the Plaintiff Manzotti and similarly situated employees time and one half of their regular hourly rate of pay for overtime work.

20. On April 19, 2013, on behalf of the Plaintiff Manzotti and all others similarly

situated, the Plaintiff submitted to the City a Presentment of Claim against the City pursuant to *Rhode Island General Laws* §45-15-5 demanding that the City Treasurer calculate the damages owed to the Plaintiffs due to the City's violation of the FLSA as described above, make the Plaintiff Manzotti and all others similarly situated whole in an amount deemed full and proper pursuant to the FLSA including liquidated damages and interest, and provide the Plaintiffs with a breakdown of said calculation and all supporting documentation.

21. The City did not respond to the Plaintiffs' letter and demand, and the City has continued to violate the provisions of the FLSA in failing to pay the proper overtime rate of pay to the Plaintiffs.

22. The City's actions constitute a clear violation of applicable provisions of the FLSA.

23. The City's actions of failing to pay the proper overtime rate of pay to the Plaintiff Manzotti and all others similarly situated, as described above, were not taken in good faith, were taken willfully or with reckless disregard for the applicable provisions of the FLSA, and the City did not possess reasonable grounds for believing that such actions were not a violation of the FLSA.

24. Pursuant to 29 USCS §216 of the FLSA, the City is liable to the Plaintiff Manzotti and all others similarly situated for the amount of unpaid overtime pay described herein, an additional equal amount as liquidated damages, attorney's fees, costs, and such other relief deemed by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Manzotti and all others similarly situated demand:

1. That the Court declare that the Defendants have violated the FLSA in failing to pay the proper overtime rate of pay based upon the "Regular Rate" of pay to the Plaintiff Manzotti and all others similarly situated;

2. Judgment against Defendants for an amount equal to Plaintiff Manzotti and all other similarly situated individual's unpaid back wages at the applicable overtime rate for each overtime hour worked;

3. Judgment against Defendants that their violations of the FLSA were willful and not taken in good faith;

4. Judgment against Defendants in an equal amount to the wage damages as liquidated damages;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs incurred and reasonable attorney's fees for prosecuting these claims; and

7. For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs' pray trial by jury on all issues triable by right to a jury.

Plaintiffs,
By their attorneys,

_____
William J. Conley, Jr., Esquire (#2149)
Law Office of William J. Conley, Jr.

7

670 Willett Avenue
East Providence, RI 02915
TEL (401) 437-0905
FAX (401) 437-3618
wconley@wjclaw.com

_____
Joseph J. Pezza, Esquire (#5373)
RODIO & URSILLO, LTD.
86 Weybosset Street, Suite 400
Providence, RI 02903
TEL (401) 331-6400
FAX (401) 331-0436
jpezza@rulaw.com

DATED: December 20, 2013