# Exhibit A

## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release ("Agreement") is made this _____ day of September, 2019, by and between **Plaintiffs, Taft Manzotti and all others similarly situated** (hereinafter "Plaintiffs") and **Defendants, The City of Providence, Jorge O. Elorza, in his capacity as Mayor of the City of Providence, and James Lombardi, III, in his capacity as the Treasurer of the City of Providence**, on behalf of themselves, their agents, servants, assignees, successors and employees (hereinafter the "City" or "Defendants").

WHEREAS, Plaintiffs commenced litigation in the U.S. District Court for the District of Rhode Island (the "Court") captioned *Manzotti vs. the City of Providence, et al.*, Civil Action No. 13-795M (this "Action"), in which Plaintiffs asserted claims under the Fair Labor Standards Act of 1938, as amended, 29 USC § 201, *et seq.* ("FLSA") arising out of Defendants' alleged failure to pay the correct overtime rate pursuant to the FLSA; and

WHEREAS, approximately four-hundred thirty (430) individuals signed Consent to Join forms, pursuant to 29 USC § 216(b) of the FLSA, and thus were joined as Plaintiffs in this Action;

WHEREAS, Plaintiffs filed this Action seeking declaratory relief and damages based upon allegations that the City violated the FLSA by failing to include longevity pay and other remunerations within the "regular rate" for the purposes of overtime compensation under the FLSA;

WHEREAS, the parties have a bona fide dispute about the amount of damages owed and whether any FLSA exemptions apply;

WHEREAS, the City denies that it has committed any wrongdoing, that it has willfully violated any federal law pertaining to payment of wages, and it has vigorously defended the claims asserted in this Action; and

WHEREAS, in order to avoid the expense and burden of further litigation, the Parties desire to fully resolve any and all claims that were or could have been asserted under the FLSA on behalf of who are all classified as employees, active or retired, of the City of Providence Police Department for the period of time at issue in this Action and who have signed Consent to Join Forms;

NOW, THEREFORE, in consideration of the foregoing premises and the mutual promises hereinafter set forth, the Parties agree as follows:

1. **No Admission of Liability.** The City expressly denies any wrongdoing or any violation, willful or otherwise, of the FLSA. Nothing contained in this Agreement shall be construed as an admission of any liability by either Party, and all Parties agree not to offer this Agreement as evidence or otherwise use it in any judicial or administrative proceeding, except that this Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms. Nothing contained in this Agreement shall be considered to establish a past practice or precedent between the Parties, and solely relates to the claims asserted herein and for the time period at issue in this Action.

2. **Settlement Payment.**

   a) The City will calculate damages for FLSA liability, for the period of December, 2010 to July 31, 2019, after forty (40) hours per work week;

   b) The City shall apply an offset/credit, pursuant to 29 USC § 207(h) and (e), in the amount of two-and-one-half (2.5) hours, for each work week damage calculation for those police officer employees that work thirty-seven and one-half (37.5) hours per week;

   c) Plaintiffs shall be entitled to liquidated damages in an amount of one-and-a-half (1.5) the total FLSA liability;

   d) The Parties agree to the application of a three (3) year statute of limitations from the filing date of December 23, 2013, to wit December 22, 2010;

   e) The City agrees to pay Plaintiffs' attorneys' fees and costs in the amount of $223,000.00. Said payment for attorneys' fees and costs shall be made to the Law Office of William J. Conley, Jr. on the same date set forth herein as the payments for liquidated damages is made to Plaintiffs;

   f) The City shall be credited for any FLSA damages previously paid to Plaintiffs, and the City shall identify each Plaintiff and the respective damage amount already paid to said Plaintiff by the City.

3. **Distribution of Settlement Payment.**

   a) The City shall remit two payments for the FLSA damages. The first payment shall be the liquidated damages which shall be made within fourteen (14) days of the City having received a Plaintiff's signed release. Within thirty (30) days thereafter, the City shall make the payment for unpaid wages to those same Plaintiffs who have submitted signed releases;

   b) The City will be responsible for state and federal taxes imposed on it by law as an employer as a result of payments made to Plaintiffs under this Agreement, but the City

      shall not be responsible for any taxes imposed by law on the Plaintiffs for payments classified as wages under this Agreement;

    c) The settlement payment to Plaintiffs for unpaid wages shall be reported on IRS Form W-2. The payment that represents the liquidated damages shall be treated as non-wage income and reported on IRS Form 1099; and

    d) The parties acknowledge and agree that all payments made pursuant to Section 3 shall not be pensionable and, therefore, shall not be included for the purpose of making any pension calculation, whether for a regular pension or disability pension.

4. **Dismissal of Actions.** Within five (5) business days following the full distribution of settlement proceeds, as required by paragraph 3(a), above, Plaintiffs shall file a dismissal of the Action with Defendants' written consent pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). The dismissal of the Action shall be with prejudice, waiving all rights of appeal.

5. **Complete Agreement.** Other than as stated herein, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore. This Agreement contains and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, agreements, commitments, and writings in connection therewith.

6. **Knowing and Voluntary Agreement.** Plaintiffs each agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Plaintiffs further affirm that none of them have been coerced, threatened, or intimidated into signing this Agreement. Each Plaintiff agrees to execute the "Release of Claims," which is attached hereto as "Exhibit A" and incorporated herein by reference.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.**

IN WITNESS WHEREOF, the Parties each voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

PLAINTIFFS, on behalf of themselves
and all others similarly situated,

_____
Michael Imondi, President
Providence Fraternal Order of Police, Lodge #3

Date: _11-4-19_

_____
Michael Pattie, Vice President,
Providence Fraternal Order of Police, Lodge #3

Date: _11/4/19_

DEFENDANTS,
The City of Providence, et al.

_____
Jeff Dana, City Solicitor

Date: _11/5/2019_